## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

**CHRISTIAN FRANCESCO ANZALONE,**

    **Plaintiff,**

**vs.**                                 **CIVIL ACTION NO. 5:22-CV-00090**

**TATIANA VLADIMIROVNA ANZALONE,**

    **Defendant.**

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before this Court is Plaintiff's Application to Proceed Without Prepayment of Fees and Costs. (ECF No. 1) By Standing Order, this matter was referred to the undersigned for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 3) Having examined the Complaint (ECF No. 2), the undersigned concludes that this case must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) which provides that the Court shall dismiss the case of a person proceeding *in forma pauperis* at any time if the Court determines that the action fails to state a claim for which relief can be granted.[1]

### FACTUAL ALLEGATIONS

Plaintiff's action is based solely on Defendant's alleged violations of the Health Insurance Portability and Accountability Act, or HIPAA, and has asserted both civil and criminal fines and punishment for same.[2] Plaintiff alleges that Defendant works as a pharmacist and intentionally disclosed his sensitive medical information to others without consent "for legal and financial gain."

---

[1] Because Plaintiff is proceeding *pro se*, the documents he filed in this case are held to a less stringent standard than had they been prepared by a lawyer, therefore, they are construed liberally. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972).

[2] While Plaintiff asks for monetary damages, he indicates that criminal penalties include fines of $100,000.00 and/or imprisonment. (ECF No. 2 at 5); see 42 U.S.C. § 1320d-6.

(ECF No. 2 at 5) Plaintiff asks for damages in the amount of $150,000.00 for embarrassment and exacerbation of both his and the parties' minor daughter's psychological problems. (Id.)

## THE STANDARD

Because Plaintiff applied to proceed without prepayment of the Court's filing fees and costs, his Complaint is subject to pre-service screening pursuant to 28 U.S.C. § 1915A. See Johnson v. Hill, 965 F.Supp. 1487 (E.D. Va. Jun. 10, 1997); see also Randolph v. Baltimore City States Atty., 2014 WL 5293708, at *2 (D. Md. Oct. 14, 2014), aff'd, Randolph v. New Technology, 588 Fed. App'x. 219 (4th Cir. 2014). On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25 (1992). A pro se Complaint may therefore be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines v. Kerner, 404 U.S. 519, 521 (1972), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Where a pro se Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992).

Though this Court is required to liberally construe pro se documents and hold them to a less stringent standard than those drafted by attorneys[3], liberal construction "does not require courts to construct arguments or theories for a pro se plaintiff because this would place a court in the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Miller v. Jack, 2007 WL 2050409, at *3 (N.D.W.Va. 2007) (citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978)). Further, liberal construction does not require the

---

[3] Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (1978).

"courts to conjure up questions never squarely presented to them." <u>Beaudett v. City of Hampton</u>, 775 F.2d 1274, 1278 (4th Cir. 1985). In other words, a court may not construct legal argument for a plaintiff. <u>Small v. Endicott</u>, 998 F.2d 411 (7th Cir.1993). Finally, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. <u>Weller v. Department of Social Servs.</u>, 901 F.2d 387 (4th Cir.1990)).

## ANALYSIS

Federal Courts are courts of limited jurisdiction that are empowered to consider cases authorized by Article III of the United States Constitution and statutes enacted by Congress. <u>Bender v. Williamsport Area School District</u>, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986). Title 28 U.S.C. §§ 1331 and 1332 provide that the Federal Courts have jurisdiction over cases involving federal questions and diversity of citizenship. Title 28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Title 28 U.S.C. § 1332 provides that the District Courts shall have original jurisdiction of all civil actions where the matter in controversy (1) exceeds the sum or value of $75,000, exclusive of interests or costs, and (2) is between citizens of different states. 28 U.S.C. § 1332(a)(1).[4]

---

[4] Title 28, U.S.C. §1332 specifically provides:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between -

  (1) citizens of different states;

  (2) citizens of a State and citizens or subjects of a foreign state;

  (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

  (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

As noted *supra*, Plaintiff's sole claim stems from alleged violations to. However, this Court has previously recognized that HIPAA does not provide a private right of action. Carte v. United States, 2010 WL 3259420, at *8 (S.D.W.Va. Aug. 18, 2010)("The court concludes that HIPAA does not provide an express or implied right of action to individuals."); Fields v. Charleston Hosp., Inc., 2006 WL 2371277, * 5 (S.D.W.Va. Aug. 15, 2006)("[T]he court's review of HIPAA leads it to the inescapable conclusion that HIPAA does not provide a federal cause of action."); also see Miller v. Nichols, 586 F.3d 53 (1st Cir. 2009); Webb v. Smart Document Solutions, LLC, 499 F.3d 1078, 1080 (9th Cir. 2007); Werdehausen v. Benicorp Ins. Co., 487 F.3d 660, 668 (8th Cir. 2007); Acara v. Banks, 470 F.3d 569, 571-72 (5th Cir. 2006); Blackstock v. Pee Dee Mental Health, 2017 WL 4838814, * 2 (D.S.C. Aug. 31, 2017); Pratt v. Pitt County Dept. of Social Services, 2016 WL 7046752, * 1 (E.D.N.C. Dec. 2, 2016); Cook v. Unisys Federal Government Group, 2015 WL 5690928, * 9 (W.D.Va. Sept. 3, 2015). The foregoing jurisprudence demonstrates that given Plaintiff's allegations, his Complaint is not salvageable even if permitted to amend in the spirit of Denton v. Hernandez, *supra*.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1), **DISMISS** Plaintiff's Complaint (ECF No. 2) with prejudice and remove this matter from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Frank W. Volk, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of

objections) and then three days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 106 S.Ct. 466, 475, 88 L.E.2d 435 (1985), reh'g denied, 474 U.S. 1111, 106 S.Ct. 899, 88 L.E.2d 933 (1986); Wright v. Collins, 766 F.2d 841 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.), cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.E.2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Volk, and this Magistrate Judge.

The Clerk of this Court is directed to file this Proposed Findings and Recommendation and to send a copy of same to the *pro se* Plaintiff.

ENTER: March 4, 2022.



Omar J. Aboulhosn
United States Magistrate Judge